UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS J. HOPKINS,<br><br>                 Plaintiff,<br><br>    v.<br><br>PHILLIP ALDEN TAVEL et al.,<br><br>                 Defendants. | Case No. C11-833-TSZ-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff is currently incarcerated at the King County Jail. He has brought an action under 42 U.S.C. § 1983 alleging that his public defender is providing him inadequate representation. Complaint at 5.[1] He seeks an injunction ordering his public defender, Mr. Phillip Alden Tavel, to be removed from his case. He also seeks monetary damages from an unnamed director/senior attorney for the Office of Public Defense (OPD), who he alleges is responsible for the overall operations of his public defender's office.

The Court recommends that plaintiff's complaint be **DISMISSED**. The complaint fails to state a claim upon which relief can be granted because (1) plaintiff's public defender has not acted under color of law within the meaning of § 1983, and (2) plaintiff has not established that the unnamed director of OPD personally participated in the alleged grievances. In addition,

---

[1] Plaintiff proceeds in forma pauperis and pro-se.

REPORT AND RECOMMENDATION - 1

because plaintiff's claims are inextricably intertwined with his pending state criminal trial, the Court should abstain from entertaining this action under *Younger v. Harris,* 401 U.S. 37, 43 (1971).

## BACKGROUND

Plaintiff alleges he is facing criminal charges and that defendant Tavel is his assigned public defender. Complaint at 3. Initially, defendant Tavel investigated whether plaintiff's criminal case could be resolved in mental health court. *Id.* at 4. After a number of months passed, defendant Tavel informed plaintiff that mental health court was not an option. *Id.* at 5. Plaintiff alleges that the time defendant Tavel spent looking into mental health court was merely a stall tactic. *Id.*

Plaintiff alleges that defendant Tavel is unprepared for trial because he has failed to gather evidence and witnesses during the six months plaintiff has been held in custody. *Id.* at 5. He further claims that defendant Tavel has lied to him and intentionally failed to prepare for trial. *Id.* at 6-7. Plaintiff has filed a motion in state court to dismiss counsel, a complaint with the OPD, and a grievance with the Washington State Bar. He claims that defendants have violated his 6th Amendment right to effective assistance of counsel, his 14th Amendment due process rights, and the Rules of Professional Conduct. *Id.* at 8.

## DISCUSSION

**A.     Defendant Tavel**

To sustain a § 1983 civil rights action, plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Public defenders who perform a lawyer's traditional

REPORT AND RECOMMENDATION - 2

function as counsel to a defendant in a criminal proceeding are not subject to a § 1983 action. Under those circumstances, a public defender acts independently, not "under the color of law," as required by § 1983.  *Polk County v. Dodson*, 454 U.S. 312 (1981); *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003).  Plaintiff's claim involves only Mr. Tavel's actions as a public defender and thus is not actionable under § 1983.

### B.  Unnamed Director of OPD

A plaintiff must allege facts showing how each individually named defendant in a § 1983 action caused or personally participated in causing the harm alleged in the complaint.  *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).  A defendant cannot be held liable solely on the basis of supervisory responsibility or position.  *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691-94 (1978).  Rather, a plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-90 (1989).  Here plaintiff claims an unnamed director of OPD is liable for defendant Tavel's actions because the director is responsible for the "overall operations and administration" of OPD, which assigned plaintiff's counsel.  Complaint at 2.  As plaintiff has set forth no facts showing the unnamed director personally participated in the alleged acts committed by Tavel, plaintiff fails to state a claim.

### C.  *Younger* Abstention Doctrine

Under the *Younger* abstention doctrine, federal courts, in the interest of comity, must abstain from enjoining state court criminal prosecutions.  *See Younger,* 401 U.S. at 43.  A federal court must allow state courts to resolve pending matters within their jurisdiction unless a plaintiff can demonstrate that irreparable loss is both great and immediate.  *Id.*  Plaintiff has not shown that he lacks adequate state remedies.  *See Id.*  Plaintiff's criminal trial is pending in the Superior

REPORT AND RECOMMENDATION - 3

Court of Washington for King County. He has filed an unresolved motion to dismiss defendant Tavel as well as complaints with the ODP and Washington State Bar Association, all of which have the potential to offer him redress. He must first rely upon his state court remedies before he can proceed in a United States District Court. *See Id.* at 45. In light of the fact that plaintiff's claims are inextricably intertwined with a pending state prosecution, this Court should abstain from entertaining plaintiff's § 1983 action.

Where a pro se litigant's complaint fails to state a claim upon which relief can be granted, the Court generally grants him the opportunity to amend the complaint. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). However, the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect." *Id*. Here, plaintiff would have to abandon the claims he has asserted and allege an entirely new cause of action based on an entirely new set of facts in order to proceed with this case. This is more than the rule of liberally granting leave to amend would seem to require. Accordingly, the Court concludes that it is not required to grant plaintiff leave to amend. However, plaintiff may submit an amended complaint with any objections to this Report and Recommendation if he believes he can cure the defects identified above.

## CONCLUSION

For the reasons discussed above, the Court recommends that Mr. Hopkins' § 1983 action be **DISMISSED** without prejudice. The Court also recommends plaintiff's motion for discovery and request that summons be issued be denied as moot, or, in the alternative, as premature. *See* Dkt. 6, 7.

Any objections to this Recommendation must be filed with the Court no later than **June 24, 2011.** The failure to timely object may affect your right to appeal.

1  A proposed Order accompanies this Report and Recommendation. The Clerk is directed
2  to provide a copy of this Report to plaintiff and to the Honorable Thomas S. Zilly.
3  DATED this 3rd day of June, 2011.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5