UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS J. HOPKINS, <br><br> Plaintiff, <br><br> v. <br><br> PHILLIP ALDEN TAVEL, et al., <br><br> Defendants. | No. C11-833Z <br><br> ORDER |

THIS MATTER comes before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Brian A. Tsuchida, docket no. 10, in response to which plaintiff has filed a motion for leave to amend complaint, docket no. 11. Plaintiff sues his criminal defense attorney (Phillip Alden Tavel) and an unnamed employee of the King County Office of the Public Defender ("OPD") for alleged deficiencies in the legal representation afforded to him to date in a pending prosecution. As the R&R explains, plaintiff may not bring suit against Mr. Tavel under 42 U.S.C. § 1983 because a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Plaintiff's assertion to the contrary, in his motion for leave to amend complaint, is not supported by the authorities he cites.

The R&R further indicates that plaintiff's complaint fails to allege how the unnamed OPD employee personally participated in causing harm to plaintiff. In response, plaintiff has

ORDER -1-

submitted, as an attachment to his motion for leave to amend complaint, a copy of a letter he received from OPD's Client Complaint Services stating that his concerns had been relayed to Mr. Tavel, along with a request that Mr. Tavel contact plaintiff. Such letter does not evidence a constitutional tort actionable under § 1983.

Plaintiff has been advised of the defects in his complaint, and his motion for leave to amend complaint identifies no facts that might cure such deficiencies. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless . . . no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). The doctrine of liberal pleading amendment does not require the Court to permit plaintiff to abandon the unjusticiable claims he has asserted in favor of entirely different and potentially cognizable claims, and the Court therefore DENIES plaintiff's futile motion for leave to amend, docket no. 11, ADOPTS the R&R in part,[1] STRIKES as moot plaintiff's request for issuance of summons, docket no. 6, and motion for production of documents, docket no. 7, and DISMISSES this case without prejudice.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to plaintiff pro se and Magistrate Judge Tsuchida.

DATED this 30th day of June, 2011.

Thomas S. Zilly
United States District Judge

---

[1] The R&R suggests that the Court abstain from entertaining this action pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). The Court DECLINES to adopt this portion of the R&R.

ORDER -2-